UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

  v.               Case No. 15-CV-232

**ANTHONY J BOLDIN, et al.,**
   **Defendants.**

---

### DECISION AND ORDER

The Internal Revenue Service (IRS) brings this action to (1) reduce to judgment defendant Anthony Boldin's unpaid taxes for 2001 and 2002 and (2) enforce its federal tax liens on his real property at 340 Manor Court, Brookfield, Wisconsin. Before me now are parties' cross-motions for summary judgment.

### I. BACKGROUND

The IRS assessed Anthony and Jodie Boldin's 2001 and 2002 taxes when the Boldins jointly filed their tax returns for those years in October 2002 and November 2003. The Boldins did not pay the full amount assessed for either year, so the IRS filed a notice of federal tax lien against their property. On their 2003 tax return, the Boldins claimed farming losses from a horse-breeding program, ClassicStar's Mare Lease Program, in which they had participated. A taxpayer can carry back farming losses to the prior five tax years, so the Boldins filed an application for a tentative carryback adjustment seeking to adjust their taxes for 2001, 2002, and earlier tax years based on these losses. The IRS allowed the tentative carryback adjustments, which abated the Boldins' outstanding taxes for 2001 and 2002, and filed a release of its tax lien.

1

After the IRS determined that ClassicStar's Mare Lease Program was an abusive tax shelter, it disallowed the Boldins' 2003 farming losses and the resulting tentative carryback adjustments. On March 7, 2005, the IRS assessed tax deficiencies for 2001 and 2002 in the amounts the Boldins owed for those years without their loss carrybacks. In April 2007, the IRS sent the Boldins a notice of deficiency that explained, among other things, that it had disallowed their claimed 2003 farming losses and the resulting tentative carryback adjustments.

In 2011, the Boldins divorced. The IRS relieved Jodie Boldin, as an "innocent spouse," from joint and several liability for the Boldins' outstanding taxes. The IRS filed a release of its tax lien against the Boldins' property and filed a notice of tax lien against Anthony Boldin's individual property. Pursuant to the divorce judgment, Jodie transferred her interest in the Brookfield property to Anthony. The IRS included Jodie as a defendant in this action in case she could claim an interest in that property. She is currently in default because she has failed to answer or otherwise defend.

## II. DISCUSSION

The parties filed cross-motions for summary judgment and have stipulated as to the material facts. The only dispute is whether the IRS brought this action before the applicable statute of limitations had run. Section 6502(a) of the Tax Code (Title 26 of the U.S. Code) gives the IRS ten years from the date it assesses a tax to bring an action in court to collect it. The IRS brought this action on March 2, 2015 to collect on deficiencies (*i.e.*, taxes) that it assessed on March 7, 2005, so this action is not barred by § 6502(a).

Boldin argues that the IRS is actually trying to collect his original 2001 and 2002 taxes, which the IRS assessed more than ten years before bringing this action. The IRS made its March 7, 2005 assessments under 26 U.S.C. § 6213(b)(3), which provides that, if the IRS finds that it has credited a taxpayer excessively because of a tentative carryback adjustment, it can assess the excess as a deficiency "as if it were due to a mathematical or clerical error appearing on the return." Boldin interprets this language to mean that when the IRS made these assessments, it merely corrected the equivalent of a clerical error and reinstated his original taxes for 2001 and 2002, which his tentative carryback adjustments had abated. He argues that correcting a clerical error is not sufficient to restart a statute of limitations.

Boldin misreads § 6213(b)(3). The language he cites refers to a provision in § 6213 that allows the IRS to assess a deficiency "on account of a mathematical or clerical error appearing on the return" without first notifying the taxpayer or giving him an opportunity to contest its determination of the deficiency in the Tax Court, which would normally be required by § 6213(a). § 6213(b)(1). The IRS can assess a deficiency under § 6213(b)(3) the same way (*i.e.*, "as if it were due to a mathematical or clerical error appearing on the return"). *See* 26 C.F.R. § 301.6213-1(b)(2) (The IRS can assess a deficiency under § 6213(b)(3) "as if such deficiency were due to a mathematical error appearing on the return. That is . . . without regard to the restrictions on assessment and collection imposed by section 6213(a)."). This language concerns the procedure the IRS must follow when making assessments like the ones it made in this case. An assessment under § 6213(b)(3) triggers its own statute of limitations on collection, just like any other assessment would.

3

Boldin makes a few other arguments, but none is convincing. First, he argues that I should not interpret § 6213(b)(3) this way because to do so would prejudice him. He argues that I should not "allow the IRS at its sole discretion, to restrict the remedies available to [him] to challenge its March 7, 2005 . . . assessment." Def.'s Br., ECF No. 28, at 9. To the extent that his remedies are restricted, Congress restricted them. It is not within my authority to rewrite the Tax Code to make it more protective of taxpayers.

Next, Boldin argues that the IRS should not be allowed to assess deficiencies under § 6213(b)(3) and then also send a notice of deficiency explaining those assessments. Section 6212(a) says that the IRS can send a notice of deficiency. Section 6213(b)(3) says that it does not have to send such a notice before making an assessment as it did in this case. Neither forecloses the other. The IRS's regulations make this clear: "Any one or more of the . . . available methods may be used to recover any amount which was improperly applied, credited, or refunded in respect of an application for a tentative carryback adjustment." 26 C.F.R. § 301.6213-1.

Finally, Boldin argues that § 6213(b)(3) was "meant to provide the IRS with a quick remedy to recover erroneous refunds." Def.'s Br., ECF No. 35, at 7–8 (citing *Pesch v. Comm'r*, 78 T.C. 100, 116–18 (1982)). Since the IRS did not issue a refund based on his tentative carryback adjustments, he argues, it cannot use a remedy enacted to help it recover an erroneous refund. Again, Boldin misreads § 6213(b)(3), under which the IRS can assess a deficiency if it finds that it has "applied, credited, or refunded" a taxpayer too much because of a tentative carryback adjustment. The IRS credited Boldin too much and assessed deficiencies to correct that, which § 6213(b)(3) allows it to do regardless of whether it issued a refund.

4

The IRS has established the validity, timeliness, and amounts of its March 7, 2005 assessments. It assessed these deficiencies within the time allowed by § 6501 and notified Boldin of its assessments, as required by § 6213(b)(3), in April 2007 in a notice of deficiency. Per IRS records, Boldin owes $340,236.65 for 2001 and $316,997.13 for 2002 plus applicable statutory interest and penalties. *See* 26 U.S.C. §§ 6621–22, 6651. IRS assessments are presumed to be correct, *see Kikalos v. Comm'r*, 434 F.3d 977, 982 (7th Cir. 2006), and Boldin does not contest these amounts, so the IRS has shown that it is entitled to judgment in these amounts.

The IRS further requests that I enforce its tax liens against Boldin's property. These are clearly valid liens in the amounts owed, *see* 26 U.S.C. §§ 6321–22, and Boldin has not contested their validity. The IRS says that it will submit a proposed judgment and order of sale upon my order.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (ECF No. 18) is **GRANTED** and defendant's motion for summary judgment (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff is entitled to judgment in the amount of $657,233.78 plus applicable statutory interest and penalties.

**IT IS FURTHER ORDERED** that plaintiff will submit a proposed judgment and order of sale to enforce its liens on defendant's property within 30 days of this order.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge